UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
••••••••••••••••••••••••••••••••••••••••••••••••••••

**Renata Wadsworth,**

         **Plaintiff,**

     -v-          **5:10-CV-1566 (NAM/TWD)**

**Allied Professionals Insurance Company, A Risk Retention Group, Inc.,**

         **Defendant.**

••••••••••••••••••••••••••••••••••••••••••••••••••••

APPEARANCES:

Holmberg, Galbraith, Van Houten & Miller
Dirk A. Galbraith, Esq., of counsel
P.O. Box 6599
200 East Buffalo Street, Suite 502
Ithaca, New York 14851

Trevett Cristo Salzer & Andolina P.C.
Louis B. Cristo, Esq., of counsel
Two State Street, Suite 1000
Rochester, New York 14614

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### BACKGROUND

Plaintiff obtained a judgment for $101,175 in a state court action against John Ziegler, formerly a chiropractor, based on her claim that he touched her in a sexual manner without her consent during chiropractic treatment. *Wadsworth v. Ziegler*, Supreme Court Tompkins Co. Index No. 08-0033. Plaintiff then brought the instant action in state court against defendant, Ziegler's malpractice insurer, to recover $101,175 pursuant to New York's direct action statute, New York Insurance Law 3420(a)(2) ("section 3420(a)(2)"). *Wadsworth v. Allied Professionals Ins. Co., A Risk Retention Group, Inc*., Supreme Court Tompkins Co., Index No. 10-1224.

Defendant removed the instant action to this Court on the ground of diversity jurisdiction.

Plaintiff moves (Dkt. No. 6) to strike the following affirmative defenses interposed in the amended answer (Dkt. No. 3): first (arbitration clause); second (lack of jurisdiction due to pendency of petition to compel arbitration); third (improper venue); fourth (California law applies); fifth (lack of insurance coverage);سسsixth (no obligation to disclaim coverage); and eighth (failure to state a cause of action).  Plaintiff also seeks summary judgment.

Defendant moves (Dkt. No. 16) for summary judgment dismissing the action on the ground that section 3420(a)(2) is preempted by the Liability Risk Retention Act ("LRRA"), 15 U.S.C. § 3901, *et seq*.  Defendant also raises state law grounds for dismissal.  Further, defendant moves (Dkt. No. 22) for sanctions.

The parties have entered into a stipulation (Dkt. No. 12) whereby defendant agrees that it will not move to compel arbitration of this dispute and confirms that its action to compel arbitration in United States District Court for the Central District of California has been dismissed.  Thus, the first and second affirmative defenses in the amended answer (Dkt. No. 3) are dismissed.  The stipulation further states: "Both plaintiff and defendant hereby waive any and all right to a jury trial in this action and stipulate that all issues, including all factual and legal issues, shall be determined by the Court."

As explained below, plaintiff's motion (Dkt. No. 6) for dismissal of affirmative defenses and for summary judgment is granted to the extent that the first and second affirmative defenses in the amended answer are dismissed, and is otherwise denied with leave to renew in accordance with this Memorandum-Decision and Order.  Defendant's motion (Dkt. No. 16) for summary judgment is denied with leave to renew in accordance with this Memorandum-Decision and

Order.  Defendant's motion (Dkt. No. 22) for sanctions is denied without prejudice.

## PREEMPTION

Plaintiff's complaint is based on section 3420(a)(2) of the New York Insurance Law. Section 3420(a)(2) requires all New York liability insurance policies to include a provision permitting a plaintiff who recovers judgment against the insured to maintain a direct action against the insurer if the insured does not satisfy the judgment within a specified time. It states:

> (a) No policy or contract insuring against liability for injury to person... shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions that are equally or more favorable to the insured and to judgment creditors ...
> \*\*\*
> (2) A provision that in case judgment against the insured or the insured's personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.

Defendant argues that section 3420(a)(2) is preempted by the Liability Risk Retention Act ("LRRA"), 15 U.S.C. § 3901, *et seq*.  As pertinent here, the LRRA "authorizes persons or businesses with similar or related liability exposure to form ... 'risk retention groups' for the purpose of self-insuring." *Insurance Co. of State of Pa. v. Corcoran*, 850 F.2d 88, 89 (2d Cir. 1988) (citing 15 U.S.C. § 3901(a)(4)).  It further provides that, with enumerated exceptions, "a risk retention group is exempt from any State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would ... make unlawful, or regulate, directly or indirectly, the operation of a risk retention group[.]" 15 U.S.C. § 3902(a)(1) ("section 3902(a)(1)").  At issue in

-3-

this case is whether section 3420(a)(2) is preempted by section 3902(a)(1).

Under the Supremacy Clause of the United States Constitution, "[w]here a state statute conflicts with, or frustrates, federal law, the former must give way." *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 663 (1993) (citing U.S. Const, Art. VI, cl.2). Any conflicting state provision is "without effect." *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981). The Supreme Court cautions: "In the interest of avoiding unintended encroachment on the authority of the States ... a court interpreting a federal statute pertaining to a subject traditionally governed by state law will be reluctant to find pre-emption." *CSX Transp.*, 507 U.S. at 663-64 (1993). Accordingly, "pre-emption will not lie unless it is 'the clear and manifest purpose of Congress.'" *Id*. at 664 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). Moreover, due to Congress' enactment of the McCarran-Ferguson Act, "state laws enacted 'for the purpose of regulating the business of insurance' do not yield to conflicting federal statutes unless a federal statute specifically requires otherwise." *United States Dep't of Treasury v. Fabe*, 508 U.S. 491, 507 (1993) (quoting McCarran-Ferguson Act, § 2(b), 15 U.S.C. § 1012(b)).

In arguing that the LRRA preempts section 3420(a)(2), defendant points to the LRRA's language exempting a risk retention group from any state law "to the extent that such law, rule, regulation, or order would ... <u>make unlawful, or regulate, directly or indirectly, the operation of a risk retention group</u>[.]" 15 U.S.C. § 3902(a)(1) (emphasis added). The Second Circuit characterizes this preemption language as "broad" and "sweeping." *Corcoran*, 850 F.2d at 91 (discussing identical preemption language in LRRA's predecessor statute). Congress' intent to preempt is "explicit." *Ophthalmic Mut. Ins. Co. v. Musser*, 143 F.3d 1062, 1067 (7th Cir. 1998). Thus, in section 3902(a)(1), Congress made "clear and manifest" its intention to preempt any state

law that would "make unlawful, or regulate, directly or indirectly, the operation of a risk retention group." The question presented by the case at bar is whether section 3420(a)(2) is such a law. If so, plaintiff's section 3420(a)(2) direct action claim is preempted.

Plainly, section 3420(a)(2) of New York's Insurance Law does not "make unlawful" the operation of a risk retention group. Thus, the question becomes whether section 3420(a)(2) "regulate[s], directly or indirectly, the operation of" such a group. In support of its contention that section 3420(a)(2) "regulates" the "operation" of a risk retention group within the meaning of the LRRA and is therefore preempted, defendant argues in its Memorandum of Law in opposition to plaintiff's motion that section 3240(a)(2) "makes a dramatic intrusion into the duties and obligations of a risk retention group." Defendant continues:

> Under Wadsworth's theory, [defendant] APIC must abide by the provision in New York's statute requiring service of coverage disclaimers on third-parties, and must also accept exposure to third-parties such as Wadsworth, even though there is no privity between the third parties and APIC. Also, Wadsworth would have APIC endure significant financial exposure to non-insureds for judgments against the insureds that pertain to non-covered conduct.
>
> It is indisputable that New York Insurance Law § 3420 would regulate APIC's operation and otherwise violate the LRRA's ban on such effect on risk retention groups. Section 3420 is a substantive law that
>
>> adjusts the interests, rights and duties of the parties in the three-way relationship linking the insurer, the insured, and the injured third party. In measured ways, the realignment § 3420 enacts is significantly different from the common law's firm bar against direct actions absent privity between the insurer and the third person claiming a stake in the insurance contract." *NAP, Inc. v. Shuttletex, Inc.*, 112 F.Supp.2d 369, 373-73 (S.D.N.Y. 2000).

In its reply Memorandum of Law on its summary judgment motion, defendant argues:

> Plaintiff failed to contest that Section 3420 in fact would regulate APIC's operation, as it would cause APIC to engage in a substantially different claims

-5-

>procedure, subject APIC to the disregarding of policy exclusions in the event that a third-party did not receive notice of a disclaimer, and then subject APIC to the exposure, expense and possible liability of a direct action by a third-party.

Defendant does not provide evidentiary proof of the alleged effects of section 3420(a)(2) on its claims procedure or disclaimer procedure, or of any other effects section 3420(a)(2) would have on its operation.

>Plaintiff argues:
>
>>Section 3420(a)(2) of the Insurance Law does not regulate, directly or indirectly, the operation of a risk retention group. Rather, it creates a vehicle for an injured party to collect a judgment against an insured from a recalcitrant insurer.
>>
>>Defendant cites no authority for the proposition that a direct action, such as this, may not be maintained against a risk retention group....

Plaintiff cites *Collins v. AAA Rent All, Inc.*, a Louisiana district court case addressing the LRRA's effect on a state direct action statute. 812 Fed.Supp. 642, 644 (M.D.La. 1993). *Collins* held that, although the LRRA "exempts risk retention groups from certain state regulations, it does not expressly or impliedly preempt La. Revised Statute 22:655 which permits a plaintiff to directly sue the insurer of the defendant." The *Collins* court did not explain its reasoning; thus, the decision is of limited assistance to this Court. Plaintiff does not cite – nor has the Court's research located – any other case on point.

On review of the entire record, the statutory provisions in issue, and the sparse case law, the Court is unable to determine with specificity how section 3420(a)(2) of the New York Insurance Law would affect the operation of risk retention groups and whether it would have sufficient impact on their operation to constitute direct or indirect regulation thereof. Defendant's statements on the issue are not in evidentiary form and are wholly conclusory.

-6-

Accordingly, summary judgment on this issue is denied to both parties, with leave to renew in accordance with this Memorandum-Decision and Order.

Defendant argues that, if the Court does not dismiss the action as preempted, it should dismiss it on state law grounds. The Court declines to rule on state law issues that may be preempted by federal statute. Thus, the Court does not reach the state law issues on this motion.

## CONCLUSION

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 6) for dismissal of affirmative defenses and for summary judgment is granted to the extent that the first and second affirmative defenses in the amended answer are dismissed, and is otherwise denied with leave to renew in accordance with this Memorandum-Decision and Order within 30 days; and it is further

ORDERED that defendant's motion (Dkt. No. 16) for summary judgment is denied with leave to renew in accordance with this Memorandum-Decision and Order within 30 days; and it is further

ORDERED that defendant's motion (Dkt. No. 22) for sanctions is denied without prejudice.

IT IS SO ORDERED.

Date:   March 28, 2012
        Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge